IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

SHAUNE A. GRAY,                    *

Petitioner                         *

v                                  *        Civil Action No. JFM-15-1916

SUSANNE FISHER, et al.,            *

Respondents                        *

***

## MEMORANDUM

Respondents have filed an answer to the above-captioned petition for writ of habeas corpus seeking dismissal of this matter as unexhausted. ECF 5. Petitioner has not replied. For the reasons that follow, the petition shall be dismissed without prejudice.

Petitioner Shaune A. Gray ("Gray") alleged he was being held in the custody of the Maryland Department of Public Safety and Correctional Services (DPSCS) unlawfully because he had not been provided a parole revocation hearing in a timely manner. ECF 1.

The claims presented by Gray involve questions of state law making the petition subject to the exhaustion requirement of 28 U.S.C. ' 2254(b). The exhaustion requirement applies to petitions filed pursuant to 28 U.S.C. §2241. *See Francis v. Henderson*, 425 U.S. 536, 538 (1976) ("This Court has long recognized that in some circumstances considerations of comity and concerns for the orderly administration of criminal justice require a federal court to forgo the exercise of its habeas corpus power."); *see also Timms v. Johns*, 627 F. 3d 525, 531 (4th Cir. 2010) (applying exhaustion requirements to '2241 petition challenging civil commitment). Thus, before filing a federal habeas petition, petitioner must exhaust each claim presented by pursuing remedies available in state court. *See Rose v. Lundy*, 455 U. S. 509, 521 (1982). The claim must be fairly presented to the state courts; this means presenting both the operative facts

and controlling legal principles. See *Baker v. Corcoran*, 220 F.3d 276, 289 (4th Cir. 2000) (citations omitted). Exhaustion includes appellate review in the Maryland Court of Special Appeals and the Maryland Court of Appeals. See *Granberry v. Greer*, 481 U.S. 129, 134-35 (1987). The state courts are to be afforded the first opportunity to review federal constitutional challenges to state convictions in order to preserve the role of the state courts in protecting federally guaranteed rights. See *Preiser v. Rodriguez*, 411 U.S. 475 (1973).

Gray has not exhausted state judicial review regarding the untimely revocation hearing. Gray has not filed a petition for writ of habeas corpus in state court challenging the lack of a revocation hearing. ECF 5-1.

As it is clear that Gray did not exhaust his claim regarding the delay in a parole revocation hearing with the Maryland state courts, the instant petition must be dismissed without prejudice. When a district court dismisses a habeas petition solely on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Rouse v. Lee*, 252 F.3d 676, 684 (4th Cir. 2001) (quoting *Slack v. Daniel*, 529 U.S. 473, 484 (2000)). Gray has not demonstrated a basis for the issuance of a certificate of appealability.

A separate order follows.

March 31, 2017
Date

/s/ J. Frederick Motz
United States District Judge

FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND
2017 MAR 31 AM 11:58
CLERK'S OFFICE
AT BALTIMORE
BY_____ DEPUTY

2